ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2017 MAY 25  P 3: 43
DEPUTY CLERK

| UNITED STATES OF AMERICA | NO. 3:15-CR-478-B |
|---|---|
| v. | |
| CONNIE SU MOSER, a.k.a. "VIVIAN," a.k.a. SONG YE HONG" (02) | |

**PLEA AGREEMENT**

Connie Su Moser, the defendant, Howard Blackmon, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Moser understands that she has the right:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have her guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in her defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Moser waives these rights and pleads guilty to the offenses alleged in Counts One and Two of the Superseding Information charging a violation of 18 U.S.C. §§ 1952(a)(3) and (A), Use of a Facility of Interstate Commerce In Aid of a Racketeering Enterprise and a violation of 18 U.S.C. § 4, Misprision of a Felony. Moser understands the nature and elements of the crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be

Plea Agreement - Page 1

submitted as evidence.

3. **Sentence:** The maximum and minimum penalties the Court can impose for Count One include:

    a. imprisonment for a period not to exceed five years;

    b. a fine not to exceed $250,000, or twice any pecuniary gain to Moser or loss to the victim(s);

    c. a term of supervised release of not more than three years, which will follow any term of imprisonment. If Moser violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100; and

    e. costs of incarceration and supervision.

The maximum penalties the Court can impose for Count Two include:

    a. imprisonment for a period not to exceed three years;

    b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release of not more than one year, which may follow any term of imprisonment. If Moser violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100; and

    e. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines:** Moser understands that the sentence in this case will be imposed by the Court after consideration

of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Moser has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Moser will not be allowed to withdraw her plea if her sentence is higher than expected. Moser fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Moser agrees to pay to the U.S. District Clerk the amount of $200, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**: Moser shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, Moser shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. Moser expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. Moser fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the Defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the Defendant's full and immediately

enforceable financial obligation. The Defendant understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7. **Forfeiture of property:** Moser agrees not to contest, challenge, or appeal in any way civil or criminal judicial forfeiture or administrative forfeiture to the United States of any property noted as subject to forfeiture in the Superseding Information and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause. Specifically, Moser agrees to forfeit her interest in the following: 1. Real Property located at 2658 Sherwood Drive, Lewisville, Texas 75067; 2. $22,126.95 seized from Wells Fargo Cashier's Check, # 38701733 from account #9829; 3.$15,250.97 seized from Wells Fargo Cashier's Check, # 38701732 from account #1363; 4.$2,686.50 seized from Bank of America Cashier's Check # 6198047122 from account #5713; 5.A Lexus ES350, License #FRC4212, VIN JTHBK1GG9F2151717; 6. $412,893.00 in U.S. Currency; and 7. $15,000.00 in Money Gram Money Orders made out to PNC Mortgage. Moser consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements, including notice of forfeiture, set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. Moser agrees to provide truthful information and evidence necessary for the Government to forfeit such property. Moser agrees to hold the Government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

8. **Government's agreement:** The government will not bring any additional charges against Moser based upon the conduct underlying and related to the defendant's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending Indictment. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Moser or any property.

9. **Violation of agreement:** Moser understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Moser and others, for all offenses of which it has knowledge. In such event, Moser waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Moser also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

10. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Immigration consequences:** Moser recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Moser is pleading guilty. Indeed, because Moser is pleading guilty to the drug offense as alleged in the Superseding Information, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and Moser understands that no one, including her attorney or the district court, can predict to a certainty the effect of his conviction on her immigration status. Moser nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea of guilty may entail, even if the consequence is her automatic removal from the United States.

12. **Waiver of right to appeal or otherwise challenge sentence:** Moser waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence. She further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Moser, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13. **Representation of counsel:** Moser has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal

representation. Moser has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, Moser has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this 25th day of May, 2017.

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
RICHARD CALVERT
Deputy Criminal Chief

_____
CARA FOOS PIERCE
Assistant United States Attorney
Texas State Bar No. 24036579
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel:  214.659.8600
Fax: 214.767.4100

_____
CONNIE SU MOSER
Defendant

_____
HOWARD BLACKMON
Attorney for Defendant

Plea Agreement - Page 8

## CERTIFICATION

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____   5-24-17
CONNIE SU MOSER               Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____   5-24-17
HOWARD BLACKMON               Date
Attorney for Defendant