IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | No. 3:15-CR-478-B (2) |
| | § | |
| CONNIE SU MOSER, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By electronic order of reference dated August 26, 2020 (doc. 305), before the Court is the defendant's *Motion Requesting This Court to Appoint an Attorney to Represent Me in My Petition for Reduction in Sentence (RIS) and Compassionate Release. Alternatively the Court Should Grant My Petition Pursuant to 18 USC 3624(C)(2) Section 12003(b)(2) of the CARES Act*, received on August 18, 2020 (doc. 304). Based on the relevant findings and applicable law, the alternative motion for release on home confinement under the Coronavirus Aid, Relief, and Economic Security (CARES) Act should be **DISMISSED** for lack of jurisdiction.

I.   BACKGROUND

Connie Su Moser (Defendant), a prisoner currently incarcerated in the Federal Correctional Institution (FCI) Hazelton in Bruceton Mills, West Virginia, seeks immediate release to home confinement under the CARES Act as an alternative basis for relief to her motion for appointment of counsel. (*See* doc. 304 at 2.)

On May 25, 2017, Defendant was charged by superseding information with use of a facility of interstate commerce in aid of a racketeering enterprise in violation of 18 U.S.C. §§ 1952(a)(3) and (A) (count one); and misprision of a felony in violation of 18 U.S.C. § 4 (count two). (*See* doc. 107.) On July 10, 2017, she pled guilty to both counts. (*See* docs. 109, 110, 130.) By judgment dated September 28, 2018, she was sentenced to a total term of 96 months'

imprisonment, to be followed by one year of supervised release. (*See* doc. 238.) She did not appeal her sentence or conviction.

Defendant claims she qualifies for relief under the CARES Act because she is 67 years old, has "bone disease," and has served 50% of her sentence. (*Id.* at 2.) She also claims FCI Hazelton does not have adequate resources to prevent the spread of COVID-19 because there was a confirmed COVID-19 case that resulted in the death of two inmates. (*See id.*)

## II.   18 U.S.C. § 3624(c)(2)

The Bureau of Prisons (BOP) has the discretion to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2); *see United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (stating that a defendant's request for home confinement is "properly directed to the Bureau of Prisons.") (citing 18 U.S.C. § 3624(c)). The CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), was signed into law on March 27, 2020, and it modified § 3624(c)(2) by providing:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of [18 U.S.C. § 3624(c)(2)], as the Director determines appropriate.

CARES Act, Div. B, Title II, § 12003(b)(2).

On March 26, 2020, the Attorney General (AG) of the United States issued a memorandum directing the BOP Director to prioritize the BOP's discretionary use of its "various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic," and providing a "non-exhaustive list of discretionary factors" to consider in evaluating which inmates should be released on home confinement. Memorandum from AG to BOP Director, *Prioritization of Home Confinement As Appropriate in Response to COVID-19*

*Pandemic* (Mar. 26, 2020). In a subsequent memorandum dated April 3, 2020, the AG instructed the BOP Director to further prioritize the use of home confinement for the "most vulnerable inmates" incarcerated at the "most affected facilities." Memorandum from AG to BOP Director, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (Apr. 3, 2020).

The CARES Act and the AG's March 26 and April 3, 2020 memoranda to the BOP Director "merely instruct and expand the authority of the Director of the BOP, not the courts, to release 'the most vu[l]nerable inmates at the most affected facilities." *United States v. Stiger*, No. 3:12-CR-54-L-2, doc. 1129 at 3-4 (N.D. Tex. Apr. 13, 2020) (denying post-conviction motion for transfer to home confinement due to COVID-19 and noting that the BOP is in the best position to determine: (1) whether the defendant qualifies as one of the most vulnerable inmates based on current health; and (2) whether the facility of incarceration is one of the "most affected facilities"). Neither the CARES Act nor the memoranda issued by the AG provide the courts statutory authority to modify a defendant's place of incarceration. *See, e.g., Haar v. Carr*, No. , 2020 WL 3895298, at *2 (N.D. Tex. July 10, 2020) ("as the decision to release to home confinement is reserved to the BOP, a district court has no jurisdiction to order home confinement under the CARES Act.").

Here, Defendant seeks an order from the Court releasing her on home confinement under the CARES Act. Because the CARES Act and § 3624(c)(2) do not authorize the Court to modify Defendant's place of incarceration to home confinement, her motion for release on home confinement under the CARES Act should be dismissed for lack of jurisdiction.

### III.    RECOMMENDATION

Defendant's motion for release on home confinement under the CARES Act should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 8th day of September, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE