UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:15-CR-0478-B-2 |
| | § | |
| CONNIE SU MOSER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Connie Su Moser's Motion for Reconsideration (Doc. 313). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Moser pleaded guilty to use of a facility of interstate commerce in aid of a racketeering enterprise and misprision of a felony, the Court sentenced her to ninety-six months of imprisonment and one year of supervised release. Doc. 238, J., 1–3. Moser, who is now sixty-seven years old, is serving her sentence at Hazelton Federal Correctional Institution (FCI). Her scheduled release date is June 23, 2023.[1] As of December 24, 2020, Hazelton FCI has reported thirty-one active COVID-19 cases among its inmates.[2]

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/.

On August 18, 2020, Moser filed a motion seeking both home confinement under 18 U.S.C. § 3624 and a court-appointed attorney. Doc. 304, Def.'s Mot., 1. The United States magistrate judge denied Moser's request for appointment of counsel, Doc. 308, Order, 3, and recommended that this Court deny her request for home confinement on the grounds that the Court lacks jurisdiction to grant such relief. Doc. 309, Report & Recommendation, 3. The Court accepted the magistrate judge's recommendation and denied Moser's request for home confinement by order dated September 22, 2020 (Doc. 311).

On November 6, 2020, Moser filed the pending motion for reconsideration (Doc. 313). Moser states that her initial motion did not seek home confinement, but rather "compassionate release with stipulation for immediate release to home confinement." Doc. 313, Def.'s Mot., 1. According to Moser, "the Court's decision or denial did not address [her] compassionate release motion[.]" *Id.* at 1–2. Finally, Moser re-urges her request for counsel. *Id.* at 2.

Below, the Court addresses Moser's request for counsel and the merits of her motion for reconsideration. Because Moser is not entitled to a court-appointed attorney, her request for counsel is **DENIED**. Moreover, because Moser has neither exhausted her administrative remedies nor demonstrated extraordinary and compelling circumstances warranting her release, Moser's request for compassionate release is **DENIED**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies,

may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

A.   *Moser Is Not Entitled to Appointment of Counsel.*

The Court denies Moser's request for appointment of counsel. Courts in this district have noted that the First Step Act does not provide for the appointment of counsel for those seeking relief under § 3582(c)(1)(A), and the Fifth Circuit has not addressed the issue. *E.g.*, *United States v. Jackson*, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020); *United States v. Dirks*, 2020 WL 3574648, at *2 (N.D. Tex. June 30, 2020). However, the Fifth Circuit has found that "a defendant does not have a statutory or constitutional right to appointed counsel in § 3582(c)(2) proceedings." *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (per curiam) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding § 3582(c)(2) motions are "too far removed to be considered 'ancillary' to the criminal proceeding" to justify appointment of counsel)).

These "holdings logically apply to § 3582(c)(1)(A) motions for sentence reduction or modification filed directly by defendants in court." *Dirks*, 2020 WL 3574648, at *2. Moreover, there is no constitutional right to counsel for post-conviction relief after the defendant's first direct appeal. *Whitebird*, 55 F.3d at 1011; *United States v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012). Accordingly, the Court holds that Moser is not entitled to appointment of counsel in her compassionate-release

proceedings.

B.  *Moser Has Not Demonstrated Proof of Exhaustion.*

Moser's request for compassionate release is denied because she has not proven that she satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

In her motion for reconsideration, Moser refers to a "program statement 5050.50" that she submitted to the warden and the warden denied. Doc. 313, Def.'s Mot., 1. Moser attached a notice of that denial to her initial motion, and it states that Moser's request for sentence reduction was denied because, at that time, Moser had not served fifty percent or more of her sentence. Doc. 304, Def.'s Mot., 3. But, as Moser points out in her initial motion, she has now served more than fifty percent of her sentence. *Id.* at 1.

Proof of compliance with § 3582's exhaustion requirement ensures that the BOP has the first opportunity to assess the merits of a defendant's request. *See, e.g.*, *United States v. Knox*, 2020 WL 4432852, at *1 (N.D. Tex. July 31, 2020). But Moser's completion of more than fifty percent of her sentence is a circumstance the warden of her facility has not had the opportunity to consider; thus,

---

[3]The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

Moser has not exhausted her administrative remedies.

C.   *Moser Has Not Demonstrated Extraordinary And Compelling Reasons For Release.*

Regardless of whether Moser has exhausted her administrative remedies, she has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] In addition, the defendant must not pose a danger to the community. *See* § 1B1.13(2).

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See, e.g.*, *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court does the same here and concludes that Moser has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

In support of her request for compassionate release, Moser explains that she is "constantly

---

[4]The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

in pain as a result of [a] blood disease," "was just released from the hospital for emergency lung surgeory [sic]," and has memory trouble as a result of her age. Doc. 313, Def.'s Mot., 2.

As a preliminary matter, the Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus in federal prisons across the country. But, to the extent Moser has generalized concerns about the spread of COVID-19 at Hazelton FCI, they do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at Hazelton FCI. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

As for Moser's individual circumstances, the Court notes that she has not supplied any proof that she suffers from the medical conditions alleged. In the absence of medical records establishing that Moser indeed suffers from the conditions she complains of, the Court declines to find extraordinary and compelling circumstances. *See, e.g.*, *United States v. Parker*, 2020 WL 4673125, at *3 (N.D. Tex. Aug. 11, 2020) (declining to find extraordinary and compelling circumstances on the basis of alleged medical conditions without substantiating medical records); *United States v. Medina*, 2020 WL 6737882, at *3 (N.D. Tex. Nov. 16, 2020) (same).

Lastly, the Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors of § 3553. § 3582(c)(1)(A). But becase Moser failed to exhaust her administrative remedies and show extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today. In other words, even if the Court found that the § 3553 factors weighed in favor of Moser's release, the Court would nonetheless deny Moser's motion for failure to meet the exhaustion requirement and demonstrate extraordinary and

compelling circumstances.

## IV.

## CONCLUSION

Moser's request for appointment of counsel fails because she is not entitled to a court-appointed attorney. Moreover, Moser's request for compassionate release under § 3582(c)(1)(A) fails because she has not proven exhaustion of her administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For these reasons, the Court **DENIES** Moser's motion (Doc. 313) **WITHOUT PREJUDICE**.

By denying Moser's motion without prejudice, the Court permits Moser to file a subsequent motion for compassionate release in the event she can both: (1) satisfy the exhaustion requirement, and (2) provide evidence supporting a finding of extraordinary and compelling reasons for release.

SO ORDERED.

SIGNED: December 24, 2020.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE