UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:15-CR-0478-B-2 |
| | § | |
| CONNIE SU MOSER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a letter addressed to the undersigned filed by Defendant Connie Su Moser (Doc. 315). The Court construes the letter as a motion for reconsideration of the Court's prior order (Doc. 314) denying Moser compassionate release. For the reasons set forth below, the Court **DENIES** Moser's motion for reconsideration.

## I.

## BACKGROUND

After Moser pleaded guilty to use of a facility of interstate commerce in aid of a racketeering enterprise and misprision of a felony, the Court sentenced her to ninety-six months of imprisonment and one year of supervised release. Doc. 238, J., 1–3. Moser, who is now sixty-seven years old, is serving her sentence at Hazelton Federal Correctional Institution (FCI). Her scheduled release date is June 23, 2023.[1] As of January 28, 2021, Hazelton FCI has reported eleven active COVID-19 cases

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/.

among its inmates.[2]

This is the third time this Court has considered a request by Moser for release from prison. First, on August 18, 2020, Moser filed a motion seeking both home confinement under 18 U.S.C. § 3624 and a court-appointed attorney. Doc. 304, Def.'s Mot., 1. The United States magistrate judge denied Moser's request for appointment of counsel, Doc. 308, Order, 3, and recommended that this Court deny her request for home confinement on the grounds that the Court lacks jurisdiction to grant such relief. Doc. 309, Report & Recommendation, 3. The Court accepted the magistrate judge's recommendation and denied Moser's request for home confinement by order dated September 22, 2020 (Doc. 311).

On November 6, 2020, Moser filed her first motion for reconsideration (Doc. 313). Moser stated that her initial motion did not seek home confinement, but rather "compassionate release with stipulation for immediate release to home confinement." Doc. 313, Def.'s Mot., 1. According to Moser, "the Court's decision or denial did not address [her] compassionate release motion[.]" *Id.* at 1–2. Finally, Moser re-urged her request for counsel. *Id.* at 2. By order dated December 24, 2020, the Court denied Moser's first motion for reconsideration on the grounds that she had not demonstrated proof of exhaustion or that extraordinary and compelling reasons warranted her release. Doc. 314, Mem. Op. & Order, 4–5. The Court also denied Moser's request for counsel. *Id.* at 3. The Court construes the pending motion as seeking reconsideration of the Court's December 24 Order.

In the pending motion, Moser again urges the Court to appoint her counsel. Doc. 315, Def.'s Mot., 1. Further, she states that she has tested positive for COVID-19 and is "very sick[.]" *Id.* Moser

---

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/.

further cites a recent hospitalization "due to 8 blood clots" in her lungs. *Id.* The Government responded in opposition to Moser's motion (Doc. 317) and, in support of its opposition, provides copies of Moser's two letters to the warden seeking compassionate release, along with the warden's denials, and Moser's BOP medical records.

Below, the Court addresses Moser's request for counsel and the merits of her motion for reconsideration. Because Moser is not entitled to a court-appointed attorney, her request for counsel is **DENIED**. Additionally, though Moser has exhausted her administrative remedies, she has not demonstrated extraordinary and compelling circumstances warranting her release, and the § 3553(a) sentencing factors weigh against her release. Thus, Moser's request for compassionate release is **DENIED**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

A.    *Moser Is Not Entitled to Appointment of Counsel.*

The Court denies Moser's request for appointment of counsel. Courts in this district have noted that the First Step Act does not provide for the appointment of counsel for those seeking relief under § 3582(c)(1)(A), and the Fifth Circuit has not addressed the issue. *E.g.*, *United States v. Jackson*, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020); *United States v. Dirks*, 2020 WL 3574648, at *2 (N.D. Tex. June 30, 2020). However, the Fifth Circuit has found that "a defendant does not have a statutory or constitutional right to appointed counsel in § 3582(c)(2) proceedings." *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (per curiam) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding § 3582(c)(2) motions are "too far removed to be considered 'ancillary' to the criminal proceeding" to justify appointment of counsel)).

These "holdings logically apply to § 3582(c)(1)(A) motions for sentence reduction or modification filed directly by defendants in court." *Dirks*, 2020 WL 3574648, at *2. Moreover, there is no constitutional right to counsel for post-conviction relief after the defendant's first direct appeal. *Whitebird*, 55 F.3d at 1011; *United States v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012). Accordingly, the Court again holds that Moser is not entitled to appointment of counsel in her compassionate-release proceedings.

B.    *Moser Has Demonstrated Proof of Exhaustion.*

The Court initially denied Moser's request for compassionate release in part because she had not proved that she satisfied the exhaustion requirement. Doc. 314, Mem. Op. & Order, 4. The Government's exhibits, however, demonstrate that Moser *has* exhausted her administrative remedies,

and the Court now finds that Moser has met the exhaustion requirement.

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

In her initial motion for reconsideration, Moser referred to a "program statement 5050.50" that she submitted to the warden and the warden denied. Doc. 313, Def.'s Mot., 1. Moser attached a notice of that denial to her initial motion, and it stated that Moser's request for sentence reduction was denied because, at that time, Moser had not served fifty percent or more of her sentence. Doc. 304, Def.'s Mot., 3. In the December 24 Order, the Court found that Moser's request to the warden and the warden's subsequent denial did not satisfy § 3582's exhaustion requirement because, as Moser pointed out in her motion, she had since completed more than fifty percent of her sentence. Doc. 314, Mem. Op. & Order, 4 (citing Doc. 304, Def.'s Mot., 1). Thus, "Moser's completion of more than fifty percent of her sentence [was] a circumstance the warden of her facility ha[d] not had the opportunity to consider[.]" *Id.*

Now, however, it is clear that Moser *did* file a second request for compassionate release with the warden of her facility after she had served more than fifty percent of her sentence. *See* Doc. 317-4, Gov't's Ex. D., 1. The warden denied that request on the grounds that Moser "do[es] not suffer

---

[3]The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

from a condition that substantially diminishes [her] ability to function in a correctional facility." *Id.* The warden's denial is dated September 18, 2020, so it is clear that more than thirty days have passed since the warden received Moser's request. *See id.* Thus, Moser has satisfied the exhaustion requirement of § 3582.

C.    *Moser Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Even though Moser has exhausted her administrative remedies, she has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1. In particular, extraordinary and compelling circumstances may exist if the defendant "suffer[s] from a serious physical or medical condition . . . that substantially diminishes [her] ability . . . to provide self-care within the environment of a correctional facility and from which . . . she is not expected to recover." § 1B1.13 cmt. n.1. Moreover, extraordinary and compelling circumstances may exist if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of . . . her term of imprisonment, whichever is less." *Id.*[4] Finally, the defendant must not pose a danger to the community. *See* § 1B1.13(2).

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See, e.g.*, *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court does the same here and concludes that Moser has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

In support of her initial motion for reconsideration, Moser explained that she is "constantly in pain as a result of [a] blood disease," "was just released from the hospital for emergency lung surgery [sic]," and has memory trouble as a result of her age. Doc. 313, Def.'s Mot., 2. In her pending motion, Moser adds that she has tested positive for COVID-19, and she reiterates that she "was recently hospitalized due to" blood clots in her lungs. Doc. 315, Def.'s Mot., 1.

As a preliminary matter, the Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus in federal prisons across the country. Further, the Court does not discount that Moser is "very scared" of the risk of severe illness or infection as a result of COVID-19. *Id.* But, to the extent Moser has generalized concerns about the spread of COVID-19 at Hazelton FCI, they do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at Hazelton FCI. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

-7-

As for Moser's individual circumstances, Moser's medical records substantiate that she was diagnosed with pulmonary embolism in September 2020 and with COVID-19 in December 2020. Doc. 317-8, Gov't's Ex. H., 71; Doc. 317-9, Gov't's Ex. I., 6. But the medical records do not establish, and, indeed, Moser does not allege, that these conditions "substantially diminish[ her] ability . . . to provide self-care" in prison. § 1B1.13 cmt. n.1. To the contrary, Moser's COVID-19 infection appears to be mild. *See* Doc. 317-9, Gov't's Ex. I., 6 (reflecting that Moser recounted her symptoms as a "slight cough" and lack of sense of smell and denied other symptoms). Moreover, Moser appears to have received proper care for her pulmonary embolism. Doc. 317-9, Gov't's Ex. I., 20 (reflecting the Moser was admitted to hospital, and prescribed medication, for treatment of pulmonary embolism).

Insofar as Moser seeks release on the grounds of physical or mental deterioration due to advanced age and service of the majority of her sentence, release is not appropriate. Even assuming that Moser's complained-of medical conditions are a result of the aging process, Moser has not served ten years nor seventy-five percent of her sentence as the policy statement provides. *See United States v. Rivas*, —F. App'x—, 2020 WL 6437288, at *3 (5th Cir. 2020) (per curiam) (denying compassionate release where defendant "failed to explicitly raise age-related reasons as a basis for compassionate release"). As the Government points out, "[a]s of January 14, 2021, . . . Moser had served . . . approximately 54.7% of [her] 96-month term and 64.2% of the term less good conduct time credit she is currently eligible to earn." Doc. 317, Gov't's Resp., 3.

D.    *The § 3553(a) Sentencing Factors Weigh Against Moser's Release.*

Even if Moser's medical conditions constituted grounds for compassionate release, before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing

factors of § 3553(a). § 3582(c)(1)(A). The factors include "the nature and circumstances of the offense"; "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment"; and "the need for the sentence" to adequately deter criminal conduct. § 3553(a)(1)–(2).

As the Government describes in its response, Moser "operated a business that aided in, and turned a blind eye to, violent criminal activity. More specifically, Moser promoted and profited off the forced prostitution of numerous women." Doc. 317, Gov't's Resp., 14. In this case, the Court found ninety-six month's imprisonment sufficient to serve the goals of § 3553(a). *See* Doc. 238, J., 2. Thus far, Moser has barely served half that time. A sentence reduction would not adequately reflect the seriousness of her offense; nor would it provide Moser just punishment, promote respect for the law, or adequately deter criminal conduct. *See* § 3553(a).

## IV.

## CONCLUSION

Moser's request for appointment of counsel fails because she is not entitled to a court-appointed attorney. In addition, Moser's request for compassionate release fails because she has not demonstrated extraordinary and compelling reasons for compassionate release, and the § 3553(a) sentencing factors weigh against her release. For these reasons, the Court **DENIES** Moser's motion (Doc. 315).

SO ORDERED.

SIGNED: January 28, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE